United States District Court
Southern District of Texas
**ENTERED**
September 02, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| ANTHONY WHITEHURST, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. H-25-3910 |
| | § | |
| JOHN D. KIRKWOOD, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND OPINION**

Anthony Whitehurst has vigorously litigated the denial of his state worker's compensation claim. (*See* Docket Entry Nos. 1, 27, 29, 30, 31). Whitehurst administratively appealed the Administrative Law Judge's ("ALJ's") decision, without success, and sought state court review, again without success. (*See* Docket Entry No. 27 at 1–4). The Texas appellate court denied relief. (*Id.* at 1). Whitehurst then sued the doctor whose report the ALJ had relied upon, the Texas Department of Insurance, an insurance company, a law firm, and the state-court judges[1] who had ruled against him. (Docket Entry Nos. 1, 27 at 1–4).

In this federal suit, Whitehurst reiterates that the denial of worker's compensation benefits was improper and a denial of due process, because the ALJ relied on the doctor's report to ascertain the injury's extent. (Docket Entry No. 19 at 14–16). Whitehurst contended that the doctor's report was incomplete and therefore invalid, which made the denial of compensation benefits invalid. (*Id.*). Whitehurst sues under 42 U.S.C. § 1983, seeking damages and an injunction. (*Id.* at 15–19).

---

[1] "Whitehurst did not serve the state-court judges." (Docket Entry No. 27 at 2).

The court granted the motions to dismiss Mr. Whitehurst's claims. (Docket Entry No. 27 (granting Docket Entry Nos. 7, 8, 17, 21)). The court reviewed the record and concluded that Whitehurst did not show that the unfavorable judgment had been reversed or voided. (Docket Entry No. 27). The court also noted that the relief Whitehurst sought would necessarily imply the invalidity of that judgment. (*Id.* (citing *Heck v. Humphrey*, 512 U.S. 477 (1994); *Oliver v. City of Brandon*, 607 U.S. 522 (2026))).

Whitehurst has moved under Rule 59(e) to alter or amend that judgment. (Docket Entry Nos. 29–31). The Texas Department of Insurance, the New Hampshire Insurance Company, and the law firm have responded, (Docket Entry Nos. 32–34). Based on the pleadings, the motion, the record, and the applicable law, the court denies the motion to amend or alter the judgment. (Docket Entry Nos. 29, 30, 31). The reasons for this ruling are set out below.

## I. The Legal Standard

The Federal Rules of Civil Procedure do not specifically provide for motions to reconsider. *Washington ex rel. J.W. v. Katy Indep. Sch. Dist.*, 403 F. Supp. 3d 610, 616 (S.D. Tex. 2019) (citing *St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997)). A motion seeking reconsideration of a prior ruling is evaluated as a motion to alter or amend a judgment under Rule 59(e) if it is filed within 28 days of the entry of judgment. *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012) (per curiam). If the motion is filed after that time, it is analyzed as a motion for relief from a final judgment or order under Rule 60. *Id.* The plaintiff filed the motion within the 28-day window, so it is considered a Rule 59(e) motion.

"A Rule 59(e) motion calls into question the correctness of a judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004) (quotation marks and quoting reference

omitted). A Rule 59(e) motion "'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued.'" *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863–64 (5th Cir. 2003) (quoting *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet*, 367 F.3d at 479. Nevertheless, "the law-of-the-case doctrine does not operate to prevent a district court from reconsidering prior rulings," and this court "has the power to revisit prior decisions of its own." *Zarnow v. City of Wichita Falls*, 614 F.3d 161, 171 (5th Cir. 2010) (quoting reference omitted).

## II. Analysis

Whitehurst argues that the court should allow relief under Rule 59(e). (Docket Entry Nos. 29–31). But the present record does not "clearly [show] . . . a manifest error of law or fact or . . . newly discovered evidence." *See Rosenzweig*, 332 F.3d at 863. In fact, the Texas Department of Insurance correctly points out that—in addition to the *Heck* bar identified in this court's earlier opinion—Whitehurst's claims faced additional hurdles under the Eleventh Amendment, limitations, and Rule 8. (Docket Entry No. 33 at 2). The New Hampshire Insurance Company aptly notes that "[Whitehurst]'s motion relies on the same administrative and state-court record already before the [c]ourt, not newly discovered evidence." (Docket Entry No. 34 at 2 (citing *Simon*, 891 F.2d at 1159)). In short, there is no reasonable basis for "[r]econsideration of [the] judgment," which is an "extraordinary remedy that should be used sparingly." *See Templet*, 367 F.3d at 479.

## III. Conclusion

The motion to amend or alter the judgment is denied. (Docket Entry Nos. 29, 30, 31).

SIGNED on September 2, 2026, at Houston, Texas.

Lee H. Rosenthal
Senior United States District Judge